

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# Brasch v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Brasch v. USA" (2002). *2002 Decisions.* Paper 462.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/462

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4514
_____


JACQUELINE BRASCH, ADMINISTRATRIX
OF THE ESTATE OF RONALD P. BRASCH,

Appellant

v.

UNITED STATES OF AMERICA
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 01-cv-01179
District Judge:  The Honorable Mary A. McLaughlin
_____


Submitted Under Third Circuit LAR 34.1(a)
July 26, 2002
_____


Before: SLOVITER, NYGAARD, and BARRY, Circuit Judges

(Opinion Filed:  July 26, 2002)
_____


OPINION
_____


BARRY, Circuit Judge

Appellant Jacqueline Brasch, administratrix of the estate of Ronald P. Brasch, her husband, filed a complaint against the United States under the Federal Tort Claims Act ('FTCA") for the wrongful death of her husband.  Mr. Brasch, a United States Postal Service ("USPS") employee with a history of heart disease, suffered cardiac arrest on the post office premises shortly before he was scheduled to begin work.  Although a USPS nurse administered oxygen and CPR to Mr. Brasch until an ambulance arrived, her efforts to revive him were unsuccessful and, appellant asserts, negligent in large part because she did not timely call 911.

Before initiating this action, appellant pursued her administrative remedies under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C.  8101 et seq..  Her FECA claim was denied because she failed to establish a causal connection between her husband's death and the medical services rendered by the USPS.  App. at 28-31, Jacqueline Brasch, No. 00-743, slip op. at 1 (E.C.A.B. Feb. 8, 2001).  The Office of Workers' Compensation Programs ("OWCP") evaluated appellant's claim under 5 U.S.C.  8102(a) and FECA Program Memoranda Nos. 42 and 186.  The issue presented in this appeal is whether Program Memorandum No. 42, as supplemented by Program Memorandum No. 186, is a "legislative" rule subject to the notice and comment requirements of the Administrative Procedure Act ("APA") which, concededly, were not met.  We hold that the rule is merely interpretive and, therefore, exempt from those requirements and appellant may not bring an action under the FTCA.

The FECA entitles a federal employee to compensation for disability or death "resulting from personal injury sustained while in the performance of his [or her] duty."

5 U.S.C.   8102(a).  An employee is also entitled to medical services following an injury sustained "in the performance of duty."  5 U.S.C.   8103.  The statute does not identify, however, what activities constitute "in the performance of duty."  In Program Memorandum No. 42, the OWCP's Division of Federal Employees' Compensation explained that an employee who avails him or herself of an employer's medical services is "considered in the performance of duty on those occasions when such participation causes him [or her] to be absent from his [or her] regular duties" and that the deleterious effects of such services are compensable.  This memorandum was supplemented by Program Memorandum No. 186, which emphasized that the FECA applies "to any deleterious result of medical services furnished by the employing agency for non-work related illnesses or injuries," whether from an "act of commission" or "omission."  As noted above, the public was not given notice of or an opportunity to comment on either memorandum before it was issued.

Appellant argues that this lack of notice and opportunity to comment renders the rule embodied in the program memoranda invalid under the APA.  Under 5 U.S.C.   553, a federal agency must provide thirty days' notice and an opportunity for public comment before it may enact a rule.  Exempt from this requirement are interpretive rules.  5 U.S.C.   553(b).  Appellant's argument, therefore, hinges on whether the rule extending FECA coverage to non-work related illnesses and injuries is "legislative" or "interpretive."

An administrative rule is deemed "interpretive" if it "is based on specific statutory provisions, and its validity stands or falls on the correctness of the agency's interpretation of those provisions."  Dia Navigation Co., Ltd. v. Pomeroy, 34 F.3d 1255, 1264 (3d Cir. 1994) (quoting United Technologies Corp. v. EPA, 821 F.2d 714, 719-20 (D.C. Cir. 1987)).  Interpretive rules seek to construe or clarify the statutes and regulations to which they relate.  Id.  Conversely, a rule is "legislative" if it is intended to "have the force and effect of law" and is promulgated by an agency to implement a statutory mandate.  FLRA v. U.S. Dep't of Navy, 966 F.2d 747, 762 n.14 (3d Cir. 1992) (citations omitted).  "If a rule creates rights, assigns duties, or imposes obligations, the basic tenor of which is not already outlined in the law itself, then it is substantive [i.e., legislative]."  Dia Navigation Co., Ltd., 34 F.3d at 1264 (quoting La Casa Del Convaleciente v. Sullivan, 965 F.2d 1175, 1178 (1st Cir. 1992)).

Here, the rule announced in Program Memoranda Nos. 42 and 186 merely interprets the language "in the performance of duty" contained in 5 U.S.C.   8102 and 8103.  It has no significance independent of the specific statutory sections it seeks to clarify.  There is no indication that the OWCP or its FECA Division intended the program memoranda to have binding legal effect or to create obligations and rights not already outlined in the FECA.  Similarly, it does not appear that the rule's function is to implement a general statutory mandate.  In short, Program Memoranda Nos. 42 and 186 reflect nothing more than the OWCP's current understanding of the phrase "in the performance of duty."  As such, they create an interpretive rule that is exempt from the APA's notice and comment requirements.

For the foregoing reasons, we will affirm the October 29, 2001 Order of the District Court.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.


/s/Maryanne Trump Barry
Circuit Judge